IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

MICHAEL LAWRENCE HARVEY,    )    No. CV-10-0207-TUC-CKJ (JCG)
                            )
         Petitioner,     )
                            )    **ORDER**
vs.                       )
                            )
CHARLES RYAN, *et al.*,      )
                            )
       Respondents.    )

On September 28, 2011, Magistrate Judge Jennifer C. Guerin issued a Report and Recommendation ("R & R") [Doc. 23] in which she recommended that this Court deny Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The R & R provided that any party could file written objections within fourteen (14) days after being served with a copy of the R & R. On January 13, 2012, Petitioner filed his Motion to Allow Objection to Magistrate's Report and Recommendation [Doc. 30]. On January 19, 2012, the Court granted Petitioner's motion and his Objection to Magistrate's Report and Recommendations [Doc. 33] was filed the same day. The Government filed its Response to Petitioner's Objections to Report and Recommendation of Magistrate Judge [Doc. 91] on January 27, 2012.

## I.    STANDARD OF REVIEW

The Court reviews de novo the objected-to portions of the Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court reviews for clear

1    error the unobjected-to portions of the Report and Recommendation. *Johnson v. Zema*

2    *Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *See also, Conley v. Crabtree*, 14

3    F.Supp.2d 1203, 1204 (D. Or. 1998).

4

5    **II.  FACTUAL BACKGROUND**

6         The factual background contained in Magistrate Judge Guerin's R & R [Doc. 23] is

7    uncontested.  As such, it is adopted by reference herein.

8

9    **III.  ANALYSIS**

10        Petitioner objects to the Magistrate Judge's R & R [Doc. 23] on several grounds.

11   First, he asserts that the Magistrate Judge's legal analysis regarding exhaustion incorrectly

12   concludes that he is not entitled to relief.  *See* Pet.'s Obj. to Magistrate's R & R [Doc. 33]

13   at 2.  Second, Petitioner asserts that the Magistrate Judge's findings regarding his failure to

14   present Grounds 4, 5, 7, 9, 10 , 12(a), 12(b), and 12(c) to the state court are incorrect.  *Id.* at

15   3-4.  Third, Petitioner urges that the Magistrate Judge incorrectly determined that he failed

16   to demonstrate "cause and prejudice" to overcome the exhaustion requirement. *See id.* at 4-5.

17   Fourth, Petitioner asserts that the Magistrate Judge erred in finding that the trial court

18   precluded witness testimony due to unreliability, and that he is entitled to an evidentiary

19   hearing because the Magistrate Judge failed to comment on the trail court's refusal to grant

20   a trial continuance.  *Id.* at 6-8.  Fifth, Petitioner asserts that the Magistrate Judge erred by not

21   addressing the untimely motion to preclude expert witness.  *Id.* at 8.  Sixth, Petitioner finds

22   error in the Magistrate Judge's "determin[ation] that Petitioner admitted to <u>any</u> prior

23   conviction[.]" Pet.'s Obj. To Magistrate's R & R [Doc. 33] at 8.  Seventh, Petitioner asserts

24   error regarding a finding that "Petitioner can be convicted of aggravated assault on a person

25   he didn't know was a police officer nor didn't assault." *Id.* at 9.  Finally, Petitioner urges that

26   trial counsel was ineffective for not investigating Petitioner's Post-Traumatic Stress Disorder

27   or "Al Cheney the man with knife[,]" because his closing arguments were poor, and he failed

28

1   to object to jury instructions.  *Id.* at 10-11.  Petitioner argues that the Magistrate Judge's
2   findings to the contrary were in error.  *Id.*  For the reasons discussed below, Petitioner's
3   contentions are without merit.

4           **A.    Exhaustion and Presentment**

5           Petitioner takes issue with the Magistrate Judge's legal analysis regarding exhaustion
6   and findings that he failed to present Grounds 4, 5, 7, 9, 10 , 12(a), 12(b), and 12(c) to the
7   state court.  *See* Pet.'s Obj. to Magistrate's R & R [Doc. 33] at 2-4.

8                   **1.    Exhaustion of State Remedies**

9           Prior to application for a writ of habeas corpus, a person in state custody must exhaust
10  all of the remedies available in the State courts.  28 U.S.C. § 2254(b)(1)(A).  This "provides
11  a simple and clear instruction to potential litigants: before you bring any claims to federal
12  court, be sure that you first have taken each one to state court."  *Rose v. Lundy*, 455 U.S. 509,
13  520, 102 S.Ct. 1198, 1204, 71 L.Ed.2d 379 (1982).  As such, the exhaustion doctrine gives
14  the State "the opportunity to pass upon and correct alleged violations of its prisoners' federal
15  rights."  *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349, 158 L.Ed.2d 64 (2004)
16  (internal quotations omitted).  Moreover, "[t]he exhaustion doctrine is principally designed
17  to protect the state courts' role in the enforcement of federal law and prevent disruption of
18  state judicial proceedings."  *Rose v. Lundy*, 455 U.S. at 518, 102 S.Ct. at 1203 (internal
19  citations omitted).  This upholds the doctrine of comity which "teaches that one court should
20  defer action on causes properly within its jurisdiction until the courts of another sovereignty
21  with concurrent powers, and already cognizant of the litigation, have had an opportunity to
22  pass upon the matter."  *Id.* (quoting *Darr v. Burford*, 339 U.S. 200, 204, 70 S.Ct. 587, 590,
23  94 L.Ed. 761 (1950)).

24          Section 2254(c) provides that claims "shall not be deemed . . . exhausted" so long as
25  the applicant "has the right under the law of the State to raise, by any available procedure the
26  question presented."  28 U.S.C. § 2254(c).  "[O]nce the federal claim has been fairly
27  presented to the state courts, the exhaustion requirement is satisfied."  *Picard v. Connor*, 404

28                                          - 3 -

U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). The fair presentation requirement mandates that a state prisoner must alert the state court "to the presence of a federal claim" in his petition, simply labeling a claim "federal" or expecting the state court to read beyond the four corners of the petition is insufficient. *Baldwin v. Reese*, 541 U.S. 27, 33, 124 S.Ct. 1347, 1351, 158 L.Ed.2d 64 (2004) (rejecting petitioner's assertion that his claim had been "fairly presented" because his brief in the state appeals court did not indicate that "he was complaining about a violation of federal law" and the justices having the opportunity to read a lower court decision addressing the federal claims was not fair presentation); *Hivala v. Wood*, 195 F.3d 1098 (9th Cir. 1999), *cert. denied*, 529 U.S. 1009 (2000) (holding that petitioner failed to exhaust federal due process issue in state court because petitioner presented claim in state court only on state grounds). Furthermore, in order to "fairly present" one's claims, the prisoner must do so "in each appropriate state court." *Id.* at 29, 124 S.Ct. at 1349. Additionally, "all operative facts to an ineffective assistance claim must be presented to the state courts in order for a petitioner to exhaust his remedies." *Hemmerle v. Schriro*, 495 F.3d 1069, 1075 (9th Cir. 2007). This is "[b]ecause ineffective assistance claims are not fungible, but are instead highly fact-dependent, [requiring] some baseline explication of the facts relating to it[.]" *Id.*

"Generally, a petitioner satisfies the exhaustion requirement if he properly pursues a claim (1) throughout the entire direct appellate process of the state, or (2) throughout one entire judicial postconviction process available in the state." *Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004) (quoting Liebman & Hertz, *Federal Habeas Corpus Practice and Procedure*, §23.3b (4th ed. 1998)). In Arizona, however, for "cases not carrying a life sentence or the death penalty, review need not be sought before the Arizona Supreme Court in order to exhaust state remedies." *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *see also Moreno v. Gonzalez*, 192 Ariz. 131, 962 P.2d 205 (1998). Additionally, the Supreme Court has further interpreted § 2254(c) to recognize that once the state courts have ruled upon a claim, it is not necessary for an applicant to seek collateral relief for the same

- 4 -

issues already decided upon direct review. *Castille v. Peoples*, 489 U.S. 346, 350, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989).

## 2. Procedural default

"A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him." *Coleman v. Thompson*, 501 U.S. 722, 732, 111 S.Ct. 2546, 2555, 115 L.Ed.2d 640 (1991). Moreover, federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Id.*, 501 U.S. at 728, 111 S.Ct. at 2554. This is true whether the state law basis is substantive or procedural. *Id.* (citations omitted). Such claims are considered procedurally barred from review. *See Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

The Ninth Circuit explained the difference between exhaustion and procedural default as follows:

> The exhaustion doctrine applies when the state court has never been presented with an opportunity to consider a petitioner's claims and that opportunity may still be available to the petitioner under state law. In contrast, the procedural default rule barring consideration of a federal claim applies only when a state court has been presented with the federal claim, but declined to reach the issue for procedural reasons, or if it is clear that the state court would hold the claim procedurally barred. *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002) (internal quotation marks and citations omitted). Thus, in some circumstances, a petitioner's failure to exhaust a federal claim in state court may *cause* a procedural default. *see Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002) ("A claim is procedurally defaulted 'if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991))).

*Cassett v. Stewart*, 406 F.3d 614, 621 n.5 (9th Cir. 2005). Thus, a prisoner's habeas petition may be precluded from federal review due to procedural default in two ways. First, if the petitioner presented his claims to the state court, which denied relief based on independent and adequate state grounds. *Coleman*, 501 at 728, 111 S.Ct. at 2254. Federal courts are

prohibited from review in such cases because they have "no power to review a state law determination that is sufficient to support the judgment, resolution of any independent federal ground for the decision could not affect the judgment and would therefore be advisory." *Id.* Second, where a "petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id.* at 735 n.1, 111 S.Ct. at 2557 n.1 (citations omitted). Thus, the federal court "must consider whether the claim could be pursued by any *presently available* state remedy." *Cassett*, 406 F.3d at 621 n.6 (quoting *Ortiz v. Stewart*, 149 F.3d 923, 931 (9th Cir. 1998) (emphasis in original).

Where a habeas petitioner's claims have been procedurally defaulted, the federal courts are prohibited from subsequent review unless the petitioner can show cause and actual prejudice as a result. *Teague v. Lane*, 489 U.S. 288, 298, 109 S.Ct. 1060, 1068, 103 L.Ed.2d 334 (1989) (holding that failure to raise claims in state appellate proceeding barred federal habeas review unless petitioner demonstrated cause and prejudice); *see also Smith v. Murray*, 477 U.S. 527, 534, 106 S.Ct. 2661, 2666, 91 L.Ed.2d 434 (1986) (recognizing "that a federal habeas court must evaluate appellate defaults under the same standards that apply when a defendant fails to preserve a claim at trial."). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986); *see also Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996) (petitioner failed to offer any cause "for procedurally defaulting his claims of ineffective assistance of counsel, [as such] there is no basis on which to address the merits of his claims."). In addition to cause, a habeas petitioner must show actual prejudice, meaning that he "must show not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Murray*, 477 U.S. at 494, 106 S.Ct. at 2648 (emphasis in original) (internal quotations

1  omitted).  Without a showing of both cause and prejudice, a habeas petitioner cannot

2  overcome the procedural default and gain review by the federal courts.  *Id.*, 106 S.Ct. at

3  2649.

4         In Arizona, a petitioner's claim may be procedurally defaulted where he has waived

5  his right to present his claim to the state court "at trial, on appeal or in any previous collateral

6  proceeding."  Ariz. R. Crim. P. 32.2(a)(3).  "If an asserted claim is of sufficient constitutional

7  magnitude, the state must show that the defendant 'knowingly, voluntarily and intelligently'

8  waived the claim."  *Id.*, 2002 cmt.  Neither Rule 32.2 nor the Arizona Supreme Court has

9  defined claims of "sufficient constitutional magnitude" requiring personal knowledge before

10  waiver.  *See id.*; *See also Stewart v. Smith*, 202 Ariz. 446, 46 P.3d 1067 (2002).  The Ninth

11  Circuit recognized that this assessment "often involves a fact-intensive inquiry" and the

12  "Arizona state courts are better suited to make these determinations."  *Cassett*, 406 F.3d at

13  622.

14                    **3.    Ground Four, Ineffective Assistance of Counsel**

15                           ***a. Exhaustion of Ground Four***

16         Petitioner's Ground 4 asserts ineffective assistance of counsel due to counsel's

17  "failure to understand, prove or argue good driving or reasonably argue against bad driving

18  or flight[.]"  Petition [Doc. 1] at 11.  Petitioner's Ground 4 also includes allegations of

19  ineffective assistance of counsel due to a failure to call an "expert witness as to 'high stress

20  situations' and there [sic] effect on the mind and body" including "being hit at 45 M.P.H. by

21  a much heavier car directly into the side door."  *Id.* at 12.  In their Answer [Doc. 13],

22  Defendants assert that the "list of nine specific deficiencies . . . were not presented to the

23  appellate court[]" and therefore Ground 4 is not exhausted.  Answer [Doc. 13] at 15.  The

24  magistrate judge found that Petitioner presented Ground 4 "only in his petition for review by

25  the Arizona Court of Appeals of the trial court's denial of Petitioner's Rule 32 petition."  R

26  & R [Doc. 23] at 8.  As such, the magistrate judge found that Ground 4 was not fairly

27  presented, thereby concurring with Defendants that Petitioner had failed to exhaust Ground

28

1  4. *Id.* The magistrate judge further found Ground 4 was therefore procedurally defaulted.

2  *Id.* at 9.

3      This Court agrees regarding the expert witness testimony. *See Moormann v. Schriro*,

4  426 F.3d 1044, 1056-57 (9th Cir. 2005), *cert. denied,* 548 U.S. 927 (2006) (new allegations

5  of ineffective assistance of counsel not previously raised before the state court cannot be

6  addressed on habeas review). It disagrees, however, regarding "good driving" arguments.

7  Although Petitioner obliquely referenced trial counsel's failure to "introduce[] []or argue[]

8  rebuttal evidence to substantiate that flight was not Petitioner's state of mind." Pet.'s Petition

9  for PCR, Defs.' Answer [Doc. 13], Exh. "H" at 30. His Petition for Review to the Arizona

10  Court of Appeals directly addressed the issue of trial counsel's "failure to understand, prove

11  or argue there was no bad driving (no flight) through the alley []as *Strickland* error[.] Defs.'

12  Answer [Doc. 13], Exh. "N" at 5-6. Moreover, the Arizona Court of Appeals squarely

13  addressed the issue in its February 26, 2009 Memorandum Decision. *See* Defs.' Answer

14  [Doc. 13], Exh. "B" at ¶¶ 4-6. Accordingly, Petitioner fairly presented the portion of

15  Ground 4 related to "good driving" and "flight" to the Arizona state courts and it is

16  exhausted.

17          ***b. The Merits of Ground 4 Related to "Good Driving" and "Flight"***

18      The federal courts shall "entertain an application for a write of habeas corpus in behalf

19  of a person in custody pursuant to the judgment of a State court only on the ground that he

20  is in custody *in violation of the Constitution or laws or treaties of the United States*." 28

21  U.S.C. § 2254(a) (emphasis added). Moreover, a petition for habeas corpus by a person in

22  state custody:

23          shall not be granted with respect to any claim that was adjudicated on the
            merits in State court proceedings unless the adjudication of the claim – (1)
24          resulted in a decision that was contrary to, or involved an unreasonable
            application of, clearly established Federal law, as determined by the Supreme
25          Court of the United States; or (2) resulted in a decision that was based on an
            unreasonable determination of the facts in light of the evidence presented in
26          the State court proceeding.

27  28 U.S.C. § 2254(d); *see also Schriro v. Landrigan*, 550 U.S. 465, 473-74, 127 S.Ct. 1933,

28                                          - 8 -

1   1939, 167 L.Ed.2d 836 (2007).  Correcting errors of state law is not the province of federal

2   habeas corpus relief.  *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S.Ct. 475, 480, 116 L.Ed.2d

3   385 (1991). Ultimately, "[t]he statute's design is to 'further the principles of comity, finality,

4   and federalism.'" *Panetti v. Quarterman*, 551 U.S. 930, 945 , 127 S.Ct. 2842, 2854, 168

5   L.Ed.2d 662 (2007) (quoting *Miller-El v. Cockrell*, 537 U.S.322, 337, 123 S.Ct. 1029, 154

6   L.Ed.2d 931 (2003)).

7       The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat.

8   1214, dictates the standards for federal habeas review.  *See* 28 U.S.C. § 2254.  "The Act

9   limits the ability of federal courts to reexamine questions of law and mixed questions of law

10  and fact."  *Jeffries v. Wood*, 114 F.3d 1484 (9th Cir. 1997).  Federal courts reviewing a

11  petition for habeas corpus must "presume the correctness of state courts' factual findings

12  unless applicants rebut this presumption with 'clear and convincing evidence.'" *Landrigen*,

13  550 U.S. at 473-74, 127 S.Ct. at 1940 (citing 28 U.S.C. § 2254(e)(1)).  Moreover, on habeas

14  review, the federal courts must consider whether the state court's determination was

15  unreasonable, not merely incorrect.  *Id.*, 550 U.S. at 473-74, 127 S.Ct. at 1939.  Such a

16  determination is unreasonable where a state court properly identifies the governing legal

17  principles delineated by the Supreme Court, but when the court  applies the principles to the

18  facts before it arrives at a different result.  *See Williams v. Taylor*, 529 U.S. 362, 120 S.Ct.

19  1495, 146 L.Ed.2d 389 (2000); *See also Casey v. Moore*, 386 F.3d 896, 905 (9th Cir. 2004).

20      The Supreme Court elucidated a two part test for determining whether a defendant

21  could prevail on a claim of ineffective assistance of counsel sufficient to overturn his

22  conviction.  *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674

23  (1984).  First, Harvey must show that counsel's performance was deficient.  *Id.* at 687, 104

24  S.Ct. at 2064.  "This requires showing that counsel made errors so serious that counsel was

25  not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Id.*

26  Second, Harvey must show that this performance prejudiced his defense.  *Id.*  Prejudice

27  "requires showing that counsel's errors were so serious as to deprive the defendant of a fair

28                                          - 9 -

trial whose result is reliable." *Id.* Ultimately, whether or not counsel's performance was effective hinges on its reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 688, 104 S.Ct. at 2065; *See also State v. Carver*, 160 Ariz. 167, 771 P.2d 1382 (1989) (adopting *Strickland* two-part test for ineffective assistance of counsel claims). The Sixth Amendment's guarantee of effective assistance is not meant to "improve the quality of legal representation," rather it is to ensure the fairness of trial. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065.

"Judicial scrutiny of counsel's performance must be highly deferential." *Id.* Judging counsel's performance must be made without the influence of hindsight. *See id.* As such, "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* (quoting *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83 (1955). Without the requisite showing of either "deficient performance" or "sufficient prejudice," Harvey cannot prevail on his ineffectiveness claim. *Strickland*, 466 U.S. at 700, 104 S.Ct. at 2071. "[T]he question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Gentry v. Sinclair*, – F.3d – , – (9th Cir. 2013), 2013 WL 174441 (quoting *Harrington v. Richter*, – U.S. – , – , 131 S.Ct. 770, 788, 178 L.Ed.2d 624 (2011)) (alterations in original).

Here, Petitioner asserts that Mr. Storts provided ineffective assistance by failing to "understand, prove or argue good driving or reasonably argue against bad driving, flight[,] . . . [and] failed to show no physical evidence to prove bad driving[.]" Petition [Doc. 1] at 11. Petitioner further asserts that Mr. Storts failed "to conduct pre-trial investigation" and "failed to show no immediate flight as to reflect guilt[.]" *Id.* Petitioner asserts that the officer testimony supports his contentions. *Id.* at 12.

The Arizona Court of Appeals February 26, 2009 Memorandum Decision [Defendant's Exh. B, Doc. 13-1] following review of Petitioner's PCR Petition was based on a reasonable determination of the facts in light of the evidence presented in the State court

proceeding.  *See* 28 U.S.C. § 2254(d)(2).   "By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in 2254(d)(1) and (d)(2)."  *Harrington v. Richter*, – U.S. –, 131 S.Ct. 770, 784, 178 L.Ed.2d 624 (2011); *See also Johnson v. Williams*, No. 11-465, slip. op. at 10, 568 U.S. – (2013) (holding that where a state court rejects a federal claim, without expressly addressing the claim, it must be presumed that the federal claim was adjudicated on the merits).  The Arizona Court of Appeals did not expressly rely on *Strickland* in its Memorandum Decision; however, its holdings regarding the flight instruction, and recklessness are reasonable and supported by the record.[1]  As such, Petitioner cannot meet his burden to show that Mr. Stort's performance was so deficient that he was not acting as counsel per the Sixth Amendment's guarantee. *See Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064.   Without deficient performance, Petitioner's ineffective assistance of counsel must fail.[2]

### 4.    Ground Five, Ineffective Assistance of Counsel

#### a. Exhaustion of Ground Five

Petitioner's Ground 5 asserts ineffective assistance of counsel due to counsel's "failure to understand and prove or argue criminal negligence fell below the standard of care." Petition [Doc. 1] at 13.  Defendants concede that Ground 5 was exhausted; however, assert the claim must fail because of the Arizona Court of Appeals conclusion that "Petitioner failed to show that counsel's performance was deficient . . . Moreover, Petitioner has not asserted, much less demonstrated that, but for the alleged error, there is a reasonable probability that the result of the proceeding would have been different."  Answer [Doc. 13]

---

[1]The Arizona Court of Appeals relied on state court precedent to determine the propriety of the flight instruction, as well as in its assessment of counsel's performance.

[2]Additionally, the Court finds that Petitioner failed to demonstrate sufficient prejudice to warrant a finding of ineffective assistance of counsel.  Nothing before this Court suggests that Petitioner did not receive "a fair trial whose result is reliable."  *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064.

at 25-26. The magistrate judge found that Petitioner presented Ground 5 "only in his petition for review by the Arizona Court of Appeals of the trial court's denial of Petitioner's Rule 32 petition." R & R [Doc. 23] at 8. As such, the magistrate judge found that Ground 5 was not fairly presented. *Id.* The magistrate judge further found Ground 5 was therefore procedurally defaulted. *Id.* at 9.

This Court disagrees with the magistrate judge's finding regarding exhaustion. Petitioner referenced trial counsel's failure to "request an instruction regarding criminal negligence to argue for acquittal[]" in his PCR petition. Pet.'s Petition for PCR, Defs.' Answer [Doc. 13], Exh. "H" at 30. Additionally, his Petition for Review to the Arizona Court of Appeals directly addressed the issue stating "[t]rial counsel never understood that criminal negligence, is a 'complete defense' to a reckless assault allegation." Defs.' Answer [Doc. 13], Exh. "N" at 6. Petitioner alleges *Strickland* error because trial counsel "A) never presented evidence or argued that Petitioner's driving was no worse than negligence or criminal negligence; B) never requested negligence <u>or</u> criminal negligence instructions as a theory of defense; and, C) <u>never</u> addressed the state of mind or driving prior to the Speedway accident." *Id.* at 6-7 (emphasis in original). The Arizona Court of Appeals rejected Petitioner's arguments in its February 26, 2009 Memorandum Decision. *See* Defs.' Answer [Doc. 13], Exh. "B" at ¶ 7. Accordingly, Petitioner fairly presented Ground 5 to the Arizona state courts and it is exhausted.

### b. The Merits of Ground Five

The Arizona Court of Appeals February 26, 2009 Memorandum Decision [Defendant's Exh. B, Doc. 13-1] found Petitioner's argument regarding a criminal negligence instruction without merit. Defs.' Answer [Doc. 13], Exh. "B" at ¶ 7. The court stated:

> [N]egligence or criminal negligence is a "defense to reckless assault only in that criminal negligence is a less culpable mental state 1recklessness. *See* A.R.S. § 13-105(10)(c), (d). To prove the aggravated assault allegations, the state was required to show that Harvey had acted intentionally, knowingly, or recklessly. *See* §§ 13-1203, 13-1204. Trial counsel did not fall below professional norms by failing to request an instruction on a mental state inapplicable to the charges at issue. Nor did counsel perform deficiently by

failing to equate Harvey's mental state to negligence or criminal negligence in argument. Counsel's argument addressed the state's proof of the mental state applicable to the crimes with which Harvey was charged. The trial court did not abuse its discretion by denying relief on this claim following the evidentiary hearing.

*Id.* In so holding, the Arizona Court of Appeals reasonably applied the *Strickland* standard to Petitioner's claim. The record is devoid of evidence "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. Accordingly, Petitioner failed to meet his burden that counsel's performance was deficient. *Id.* Therefore, he cannot prevail on his ineffectiveness claim. *Id.* at 700, 104 S.Ct. at 2071.

## **5.    Ground Seven, Ineffective Assistance of Counsel**

### *a. Exhaustion of Ground Seven*

Petitioner's Ground 7 asserts ineffective assistance of counsel for several alleged violations, including:

> #1 Counsel repeatedly failed to investigate, prepare or mount any defenses to the charges.
> #2  Failed to investigate or understand the prosecutions disclosure
> #3  Failed to present favorable evidence and failed to object
> #4 Counsel being in trial 80% of any twelve month period is beyond the imagination and is the issue in this case.
> #5 Failed to understand the evidence, necessary motion practice investigation or defenses in Petitioner's case, all due to his case load and lack of attention to this one.
> #6 The errors are logically explained by too many cases and too little time.
> #7 Witness familiar [sic] with trial counsel verify the haphazard nature of his practice.
> #8 Trial counsel's own words "I familiarize [sic] my self with case two weeks before trial."
> #9 An expert witness verifies all of the above.

Petition [Doc. 1] at 15. Defendants assert that Petitioner's "list of nine general unsupported deficiencies that were not presented to the appellate court" are not exhausted. Answer [Doc. 13] at 15-16. The magistrate judge found that Petitioner failed to present Ground 7 "in either his direct appeal or his Rule 32 proceedings." R & R [Doc. 23] at 8. As such, the magistrate judge found that Ground 7 was not fairly presented. *Id.* The magistrate judge further found Ground 7 was therefore procedurally defaulted. *Id.* at 9.

1    This Court agrees, in part, with the magistrate judge's finding regarding exhaustion.

2    *See Moormann v. Schriro*, 426 F.3d 1044, 1056-57 (9th Cir. 2005), *cert. denied,* 548 U.S. 927

3    (2006) (new allegations of ineffective assistance of counsel not previously raised before the

4    state court cannot be addressed on habeas review).   In his Petition for Review from Denial

5    of Rule 32 Relief filed with the Arizona Court of Appeals, however, Petitioner sought relief

6    via an ineffective assistance of counsel claim predicated upon counsel's caseload and trial

7    schedule. Pet.'s Petition for Review from Denial of Rule 32 Relief, Defs.' Answer [Doc. 13],

8    Exh. "B" at 8.   The Arizona Court of Appeals addressed this issue in its decision.

9    Memorandum Decision 2/26/2009, Defs.' Answer [Doc. 13], Exh. "N" at ¶ 10. Accordingly,

10   Petitioner fairly presented the portion of  Ground 7 related to trial counsel's caseload and

11   trial counsel to the Arizona state courts and it is exhausted.

12                    ***b.  The Merits of Ground Seven Related to Counsel's Caseload***

13   Regarding Petitioner's assertion of *Strickland* error related to counsel's caseload and

14   trial schedule, the Arizona Court of Appeals February 26, 2009 Memorandum Decision

15   [Defendant's Exh. B, Doc. 13-1] states:

16           Harvey has not identified below or in his petition for review any specific
             instance where in counsel's case load allegedly interfered with his
17           representation in this case. Rather, he has offered only unsupported assertions
             that counsel was "overwhelmed by a large caseload" and "generally
18           unprepared, disorganized, highly stressed, [and] in turmoil."   Regarding
             counsel's closing argument, Harvey lists several points he believes would have
19           been persuasive but that counsel failed to make about the evidence presented.
             But he offers nothing to show the omissions constituted deficient performance
20           or that counsel's failure to argue the points mentioned affected the outcome of
             the case.   Thus, the trial court did not abuse its discretion by summarily
21           dismissing this claim.

22   *Id.*  In so holding, the Arizona Court of Appeals reasonably applied the *Strickland* standard

23   to Petitioner's claim.  As with Count Five, the record is devoid of evidence "that counsel

24   made errors so serious that counsel was not functioning as the 'counsel' guaranteed the

25   defendant by the Sixth Amendment."   *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064.

26   Accordingly, Petitioner failed to meet his burden that counsel's performance was deficient,

27   and he cannot prevail on his ineffectiveness claim.  *Id.* at 687-700, 104 S.Ct. at 2064-71.

28

## 6.   Ground Nine, Ineffective Assistance of Counsel

### a. Exhaustion of Ground Nine

Petitioner's Ground 9 asserts ineffective assistance of counsel based upon counsel's "inadeqate [sic] investigation/presentation/argument of accident reconstruction evidence." Petition [Doc. 1] at 15. Defendants assert that Petitioner "did not raise it in his Petition for Review to the Arizona Court of Appeals." Answer [Doc. 13] at 16. The magistrate judge found that Petitioner presented Ground 9 "only in his Rule 32 Petition." R & R [Doc. 23] at 8. As such, the magistrate judge found that Ground 9 was not fairly presented. *Id.* The magistrate judge further found Ground 9 was therefore procedurally defaulted. *Id.* at 9.

This Court agrees with the magistrate judge's finding regarding exhaustion and procedural default. Petitioner's Ground 9 has been procedurally defaulted, and this Court is prohibited from subsequent review unless the petitioner can show cause and actual prejudice as a result. *Teague v. Lane*, 489 U.S. 288, 298, 109 S.Ct. 1060, 1068, 103 L.Ed.2d 334 (1989) (holding that failure to raise claims in state appellate proceeding barred federal habeas review unless petitioner demonstrated cause and prejudice). Petitioner has failed to meet his burden to show "that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986); *see also  Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996) (petitioner failed to offer any cause "for procedurally defaulting his claims of ineffective assistance of counsel, [as such] there is no basis on which to address the merits of his claims."). Neither has Petitioner demonstrated actual prejudice or actual innocence. *Murray*, 477 U.S. at 494, 106 S.Ct. at 2648 (habeas petitioner "must show not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." (emphasis in original) (internal quotations omitted)). Accordingly, Petitioner is not entitled to review of Ground 9.

**7.    Ground Ten, Ineffective Assistance of Counsel**

*a. Exhaustion of Ground Ten*

Petitioner's Ground 10 asserts "that his Fifth and Fourteenth Amendments [sic] [rights] which are guaranteed by the United States Constitution were violated by denying [him] the right to a unanimous jury verdict" in his conviction for the aggravated assault of Officer Faulk. Petition [Doc. 1] at 20. Defendants concede that Ground 10 was exhausted. Answer [Doc. 13] at 16. The magistrate judge found that Petitioner "failed to present Ground[] . . . 10 . . . in either his direct appeal or his Rule 32 proceedings." R & R [Doc. 23] at 8. As such, the magistrate judge found that Ground 10 was not fairly presented. *Id.* The magistrate judge further found Ground 10 was therefore procedurally defaulted. *Id.* at 9.

This Court disagrees with the magistrate judge's finding regarding exhaustion. In his PCR Petition, Petitioner argued that "[s]eparate offenses must be charged as separate counts to avoid the hazard of a non-unanimous jury verdict . . . [and] [t]he indictment was duplicitous. . . . [This] duplicity makes the verdicts 'void' and requires relief.'" Pet.'s Partial Pet. for PCR, Defs.' Answer [Doc. 13], Exh. "H" at 26. Subsequently, in his Petition for Review from Denial of Rule 32 Relief filed with the Arizona Court of Appeals, Petitioner again sought relief arguing that "[s]eparate offenses must be charged as separate counts to avoid the hazard of a non-unanimous jury verdict." Pet.'s Petition for Review from Denial of Rule 32 Relief, Defs.' Answer [Doc. 13], Exh. "N" at 10. The Arizona Court of Appeals addressed Petitioner's arguments in its February 26, 2009 Memorandum Decision. *See* Defs.' Answer [Doc. 13], Exh. "B" at ¶ 9. Accordingly, Petitioner fairly presented Ground 10 to the Arizona state courts and it is technically exhausted.

This Court, however, is barred from reaching the merits of Petitioner's Ground 10. The Arizona Court of Appeals February 26, 2009 Memorandum Decision [Defendant's Exh. B, Doc. 13-1] found Petitioner's argument regarding the indictments being "insufficient and duplicitous" resulting in "at least potentially non-unanimous" jury verdicts "precluded because Harvey waived them below and failed to assert them on appeal. Defs.' Answer

[Doc. 13], Exh. "B" at ¶ 9.  "[T]he procedural default rule barring consideration of a federal claim applies only when a state court has been presented with the federal claim, but declined to reach the issue for procedural reasons, or if it is clear that the state court would hold the claim procedurally barred. *Cassett v. Stewart*, 406 F.3d 614, 621 n.5 (9th Cir. 2005) (citing *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002) (internal quotation marks and citations omitted)).  In light of the state court's refusal to reach the merits of the issue based on Petitioner's waiver, Ground 10 is procedurally defaulted.  As discussed in Section III(A)(6)(a), *supra*, this Court is prohibited from subsequent review unless the petitioner can show cause and actual prejudice as a result. *Teague*, 489 U.S. at 298, 109 S.Ct. at 1068.  Petitioner has failed to make any showing of cause or prejudice, and as such the Court finds Ground 10 barred from review.

## 8.   Ground Twelve (a), (b) and (c), Ineffective Assistance of Counsel

### a. Exhaustion of Ground Twelve (a), (b) and (c)

Petitioner's Ground 12(a), (b) & (c) asserts ineffective assistance of counsel for several alleged violations, including:

> a) Counsel's failure to uphold promises in his opening statement that the jury would hear from expert witnesses regarding Post-Traumatic Stress Disorder (PTSD) and on hallucinogens;
> b) Counsel's failure to uphold promises in his opening statement that the jury would hear from an expert witness regarding Officer Faulk using a "ramming technique" thereby intentionally colliding with Petitioner;
> c) Counsel's failure to object regarding defense witnesses appearing in prison clothes.

Petition [Doc. 1] at 22.  Defendants concede that Grounds 12(a) & (b) are exhausted. Answer [Doc. 13] at 17.  Defendants assert that Ground 12(c) is procedurally defaulted.  The magistrate judge found that Petitioner failed to present Grounds 12(b) and 12(c) "in either his direct appeal or his Rule 32 proceedings."  R & R [Doc. 23] at 8.  The magistrate judge further determined that Petitioner only presented Ground 12(a) "in his petition for review by the Arizona Court of Appeals of the trial court's denial of Petitioner's Rule 32 Petition."  *Id.* As such, the magistrate judge found that Grounds 12(a), 12(b) and 12(c) were not fairly

1    presented.  *Id.*  The magistrate judge further found Grounds 12(a), 12(b) and 12(c) were

2    therefore procedurally defaulted.  *Id.* at 9.

3          This Court agrees, in part, with the magistrate judge's finding regarding exhaustion.

4    Petitioner referenced trial counsel's failure to 1) "present expert testimony <u>that was promised</u>

5    <u>in the opening statement</u> regarding Faulk's driving technique being identical to a TPD

6    ramming technique" and 2) present expert testimony regarding PTSD, as outlined in his

7    opening statement in his PCR petition.  Pet.'s Petition for PCR, Defs.' Answer [Doc. 13],

8    Exh. "H" at 16, 19.  Additionally, in his Petition for Review to the Arizona Court of Appeals,

9    Petitioner argued *Strickland* error because "trial counsel asserted Petitioner's 'state of mind'

10   was altered by PTSD . . . and promised expert testimony that Faulk utilized a TPD ramming

11   technique on Speedway[.] . . . No such evidence was presented."  Defs.' Answer [Doc. 13],

12   Exh. "N" at 11.  Finally, the trial court found that "Petitioner is precluded from seeking post-

13   conviction relief on the[] ground [regarding attire of certain defense witnesses] because [it]

14   ha[s] already been adjudicated, or could have been raised and adjudicated, in prior appeals

15   or Petitions for Post-Conviction Relief.  Rule 32.2; *State v. Curtis*, 185 Ariz. 112, 912 P.2d

16   1341 (App. 1995)."  Ruling 3/8/2007, Defs.' Answer [Doc. 13], Exh. "J" at 5.  As such,

17   Grounds 12(a) and 12(b) are exhausted, and this Court will consider the merits.  Ground

18   12(c), however, is procedurally defaulted.  As discussed in Section III(A)(6)(a), *supra*, this

19   Court is prohibited from subsequent review unless the petitioner can show cause and actual

20   prejudice as a result.  *Teague*, 489 U.S. at 298, 109 S.Ct. at 1068.  Petitioner has failed to

21   make any showing of cause or prejudice, and as such the Court finds Ground 12(c) barred

22   from review.

23                    ***b.  The Merits of Ground Twelve (a)***

24         The Arizona Court of Appeals February 26, 2009 Memorandum Decision [Defs.' Exh.

25   B, Doc. 13-1] found Petitioner's argument regarding the preclusion of PTSD evidence

26   without merit.  Defs.' Answer [Doc. 13], Exh. "B" at ¶ 13.  The court stated:

27         Regarding the PTSD evidence, Harvey contends trial counsel was ineffective

28                                        - 18 -

1  for failing to argue its relevance adequately, resulting in the court's preclusion
2  of the evidence and counsel's opening statement regarding expected PTSD
   evidence becoming a "broken promise" to the jury. But there is nothing in the
3  record establishing that any different or additional argument from counsel
   would have changed the trial court's evidentiary ruling. Indeed, the summary
4  dismissal of this argument by the same judge who presided over the trial
   suggests otherwise. This court affirmed the trial court's evidentiary ruling on
5  appeal, explaining that "evidence of a defendant's mental disorder short of
   insanity is inadmissible either as an affirmative defense or to negate the mens
6  rea element of a crime." *Id.* ¶ 30; *see also State v. Mott*, 187 Ariz. 536, 541,
   931 P.3d 1046, 1051 (1997). And Harvey has not clearly argued ineffective
7  assistance of appellate counsel on this issue, but assuming he adequately did
   so, he was failed to show he was prejudiced. Although trial counsel was
8  unable to present evidence he had mentioned in opening statement, the jury
   was instructed to decide the case based on the evidence presented.

9  *Id.* In so holding, the Arizona Court of Appeals reasonably applied the *Strickland* standard

10  to Petitioner's claim. The record is devoid of evidence "that counsel made errors so serious

11  that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth

12  Amendment." *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. Accordingly, Petitioner failed

13  to meet his burden that counsel's performance was deficient. *Id.* Therefore, he cannot

14  prevail on his ineffectiveness claim as stated in Ground 12(a). *Id.* at 700, 104 S.Ct. at 2071.

15  ### c. The Merits of Ground Twelve (b)

16  The Arizona Court of Appeals February 26, 2009 Memorandum Decision

17  [Defendant's Exh. B, Doc. 13-1] did not address the absence of testimony regarding Officer

18  Faulk using a "ramming technique." *See* Defs.' Answer [Doc. 13], Exh. "B." "[T]here are

19  instances in which a state court may simply regard a claim as too insubstantial to merit

20  discussion." *Johnson v. Williams*, No. 11-465, slip. op. at 9, 568 U.S. – (2013). Further,

21  "[w]hen a state court rejects a federal claim without expressly addressing that claim, a federal

22  habeas court must presume that the federal claim was adjudicated on the merits." *Id.* at 10.

23  As such, the Court finds that Petitioner's *Strickland* claim regarding Officer Faulk's alleged

24  use of a ramming technique is without merit. The record is devoid of evidence "that counsel

25  made errors so serious that counsel was not functioning as the 'counsel' guaranteed the

26  defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064.

27  Moreover, Petitioner has failed to show that he suffered any prejudice. Accordingly,

28

1   Petitioner failed to meet his burden that counsel's performance was deficient. *Id.* Therefore,

2   he cannot prevail on his ineffectiveness claim as stated in Ground 12(b). *Id.* at 700, 104 S.Ct.

3   at 2071.

4

5          **B.**     ***Objections to Findings Regarding the Merits of Petitioner's Claims***

6         Petitioner takes issue with nearly all of the Magistrate Judge's legal analysis. *See*

7   Pet.'s Obj. to Magistrate's R & R [Doc. 33]. Petitioner's contention are without merit.

8               **1.**    **Ground One**

9         Petitioner asserts that "[t]he magistrate incorrectly concludes that court [sic] of

10  appeals correctly applied clearly established federal law by using *Chambers v. Mississippi*,

11  410 U.S. 284, 93 S.Ct. 1038 US (1973)." Pet.'s Obj. to Magistrate's R & R [Doc. 33] at 5.

12  Petitioner further argues that *Chia v. Cambra*, 281 F.3d 1032 (9th Cir. 2002) is the

13  appropriate case. "[T]he *only* definitive source of clearly established federal law under AEDPA

14  is the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court

15  decision. [*Williams v. Taylor*, 529 U.S. 362, 412, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000).]

16  While circuit law may be 'persuasive authority' for purposes of determining whether a state court

17  decision is an unreasonable application of Supreme Court law, *Duhaime v. Ducharme*, 200 F.3d 597,

18  600-01 (9th Cir. 1999), only the Supreme Court's holdings are binding on the state courts and only

19  those holdings need be reasonably applied." *Clark*, 331 F.3d 1062, 1069 (emphasis in original), *cert*

20  *denied*, 540 U.S. 968, 124 S.Ct. 446, 157 L.Ed.2d 313 (2003), *overruled in part on other grounds*

21  *by Lockyer v. Andrade*, 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). Accordingly,

22  Petitioner's objection is without merit.

23         Petitioner also objects to the magistrate judge's "refus[al] to give opinion or

24  recomendation [sic] on the facts of trial court judge's refusal to grant a continuance of trial

25  until Johnson could be found to testify[.]" Pet.'s Obj. to Magistrate's R & R [Doc. 33] at 7.

26  The Arizona Court of Appeals in its December 23, 2003 Memorandum Decision [Defs.' Exh.

27  "A," Doc. 13-1] from Petitioner's direct appeal stated:

28

1
2
3
4

> Nothing in the record indicates that Johnson could have been found with a longer continuance.  The record does not show that Harvey had attempted to keep in touch with Johnson during the prior continuances.  In fact, it shows Harvey had not even informed Johnson of the new trial date.  Although the trial court denied the continuance, it ruled that Harvey could call Johnson as a witness if Johnson were found before trial ended.  Accordingly, we find no prejudice or abuse of discretion in the court's denial of a continuance.

5   *Id.* at ¶ 21.  In a habeas proceeding "a determination of a factual issue made by a State court

6   shall be presumed to be correct."  28 U.S.C. § 2254(e)(1).  Moreover, habeas relief shall not

7   be granted unless the State court proceeding "resulted in a decision that was based on an

8   unreasonable determination of the facts in light of the evidence presented in the State court

9   proceeding."[3] 28 U.S.C. § 2254(d)(2); *Cullen v. Pinholster*, – U.S. – , 131 S.Ct. 1388, 1398,

10  179 L.Ed.2d 557 (2011) (the "highly deferential standard for evaluating state-court rulings,

11  which demands that state-court decisions be given the benefit of the doubt." (quoting

12  *Woodford v. Visciotti*, 537 U.S. 19, 24, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002)).  Petitioner

13  has failed to meet his burden.  The Arizona Court of Appeals reasonably determined the facts

14  in light of the evidence presented in the State court proceeding.  As such, the magistrate

15  judge's findings regarding the merits of Ground 1 are adopted.

16                            **2.      Ground Two**

17          Petitioner objects to the Magistrate Judge "not responding to or giving

18  recommendation . . . [regarding] the untimely motion to preclude expert witness filed by the

19  State in the middle of trial which destroyed Petitioner's defense."  Pet.'s Obj. to Magistrate's

20  R & R [Doc. 33] at 8.  Petitioner also argues that the expert was not "only going to testify on

21  P.T.S.D. . . . [but] could have and would have negated 'flight' which States [sic] attorney

22  relied heavily on for guilty verdict."  *Id.*  Petitioner's claims are without merit.  The

23  Magistrate Judge's order correctly considered the merits of Ground 2.  Moreover, the record

24  does not support Petitioner's contention that Dr. St. Germaine's testimony would establish

25

26
27   _____

[3]As stated above, this is the second prong of 28 U.S.C. § 2254(d).  The first involves "the unreasonable application of, clearly established Federal law[.]" 28 U.S.C. § 2254(d)(1).

28

1    flight.  Accordingly, the magistrate's findings and conclusions are adopted here.

2                          **3.      Ground Three**

3        Petitioner objects to the Magistrate Judge's determinations regarding prior

4    convictions.  Pet.'s Obj. to Magistrate's R & R [Doc. 33] at 8-9.  The Magistrate Judge

5    correctly assessed the merits of Ground 3.  Petitioner's contentions are without merit.

6    Accordingly, the magistrate's findings and conclusions are adopted.

7                          **4.      Ground Six**

8        Petitioner objects to the Magistrate Judge's determinations regarding his aggravated

9    assault conviction on Officer Faulk.  Pet.'s Obj. to Magistrate's R & R [Doc. 33] at 9.  The

10   Magistrate Judge fully and accurately assessed the merits of Ground 6.  Petitioner's

11   contentions are without merit.  Accordingly, the magistrate's findings and conclusions are

12   adopted.

13                         **5.      Ground Eight**

14       Petitioner objects to the Magistrate Judge's determinations regarding his ineffective

15   assistance of counsel claim regarding counsel's failure to adequately investigate Petitioner's

16   PTSD defense.  Pet.'s Obj. to Magistrate's R & R [Doc. 33] at 9-10.  The Magistrate Judge

17   fully and accurately assessed the merits of Ground Eight.  Petitioner's contentions are

18   without merit.  Accordingly, the magistrate's findings and conclusions are adopted.

19                        **6.      Ground Eleven**

20       Petitioner objects to the rejection of his ineffective assistance of counsel claim

21   regarding counsel's failure to investigate Al Cheney.  Pet.'s Obj. to Magistrate's R & R

22   [Doc. 33] at 10.  The Magistrate Judge fully and accurately assessed the merits of Ground

23   10.  Petitioner's contentions are without merit.  Accordingly, the magistrate's findings and

24   conclusions are adopted.

25                        **7.      Ground Twelve(d)**

26       Petitioner objects to the rejection of his ineffective assistance of counsel claim

27   regarding counsel's closing arguments.  Pet.'s Obj. to Magistrate's R & R [Doc. 33] at 11.

28                                  - 22 -

The Magistrate Judge fully and accurately assessed the merits of Ground 12(d).  Petitioner's contentions are without merit.  Accordingly, the magistrate's findings and conclusions are adopted.

### 8.    Ground Twelve(e)

Petitioner objects to the rejection of his ineffective assistance of counsel claim regarding counsel's failure "to object to jury instructions of flight and recklessness and/or his failure to request jury instruction on negligence or criminal negligence."  Pet.'s Obj. to Magistrate's R & R [Doc. 33] at 11.  The Magistrate Judge fully and accurately assessed the merits of Ground 12(e).  Petitioner's contentions are without merit.  Accordingly, the magistrate's findings and conclusions are adopted.

## IV.    CONCLUSION

Accordingly, after an independent review, IT IS HEREBY ORDERED that:

1.    The Report and Recommendation [Doc. 23] is ADOPTED in part;

2.    Petitioner's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody [Doc. 1] is DENIED;

3.    The Clerk of the Court shall enter judgment in this matter, and close its file.

DATED this 28th day of June, 2013.

Cindy K. Jorgenson
United States District Judge

- 23 -